FRANK T. FAULKNER, JR., Plaintiff, *v.* IRVING TRUST COMPANY, Defendant.

First Department, December 5, 1930.

*Philip E. Rosenblum* of counsel [*Samuel Horowitz,* attorney], for the plaintiff.

*Alexander R. Kellegrew* of counsel [*Howard Carter* with him on the brief; *Merrill, Rogers, Gifford & Woody,* attorneys], for the defendant.

SHERMAN, J. On June 13, 1928, plaintiff created a voluntary trust whereby certain personal property was conveyed to defendant trust company for management and investment and to pay the net income therefrom to him. Paragraph " seventh " of the trust agreement permitted plaintiff to amend the instrument " in any manner whatsoever," except that he should not amend it· so as to withdraw any of the securities comprising a portion of the principal from the operation of this trust. Plaintiff exercised this right of amendment by a duly acknowledged writing on June 25, 1930, amending paragraph " second " of the trust agreement. Paragraph " second " originally contained a provision which made plaintiff's sister, Marion W. Faulkner, an eventual beneficiary, but the amendment changed that provision so that his executors or administrators were to receive the trust fund in the event of his death before revocation of the trust agreement, to be distributed by them in accordance with his will, if any, or in accordance with the intestacy laws of the State. As so amended the trust agreement omitted all reference to his sister.

On June 26, 1930, plaintiff executed and acknowledged another instrument in writing, revoking the trust agreement, and filed same with defendant.

On this submission, defendant contends that plaintiff cannot revoke the trust agreement until he has reached the age of thirty-five years as originally provided by paragraph " seventh," that it was not the intention of the parties to the agreement to allow such amendment, and that it cannot be revoked without first procuring the written consent of plaintiff's sister.

Defendant concedes that under section 23 of the Personal Property Law the plaintiff could at any time revoke the trust if he and the trustee were the only parties interested, even though there were no· clause reserving the right of revocation. Defendant argues that

plaintiff seeks to accomplish by indirection that which the agree-ment provides shall not transpire until he shall have become thirty-five years old. However, plaintiff reserved the right to amend the trust agreement *in any manner whatsoever*, and did amend it so that his sister is not beneficially interested. Therefore, her consent to a revocation of the trust is not needed. Nor is any other person beneficially interested therein.

The intention of plaintiff as creator of the trust must prevail. The language of paragraph " seventh " of the agreement requires no construction other than its natural meaning, and when plaintiff exercised thereunder his right to amend, his sister was divested of all beneficial interest. " No one is heir to the living." (*Doctor* v. *Hughes*, 225 N. Y. 305, 313.) There being no other person in being who has either a vested or contingent interest in the trust, such revocation is effectual. (*Aranyi* v. *Bankers Trust Co.*, 201 App. Div. 706.) It follows that the sister's consent is not required, that she is not required to be made a party to this controversy, and that plaintiff has the right to revoke the trust agreement.

The judgment should be directed for plaintiff, that there are no persons beneficially interested in the trust and that under section 23 of the Personal Property Law (as added by Laws of 1909, chap. 247) he is entitled to revoke the trust agreement.

DOWLING, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Judgment directed for plaintiff, that there are no persons beneficially interested in the trust and that under section 23 of the Personal Property Law he is entitled to revoke the trust agree-ment. Settle order on notice.