ARTHUR G. MEYER, Plaintiff, *v.* BANK OF MANHATTAN TRUST COMPANY, Defendant.

First Department, May 1, 1931.

*Herbert C. Smyth* of counsel [*Frederic C. Scofield* with him on the brief; *Wellman, Smyth & Scofield*, attorneys], for the plaintiff.

*Edwin A. Falk* of counsel [*Charles Trynin* with him on the brief; *Edwin A. Falk*, attorney], for the defendant.

MARTIN, J. The plaintiff entered into a trust agreement on April 20, 1928, with the predecessor of the defendant, by the terms of which the trustee was to hold the principal of the trust during the lives of the plaintiff, Arthur G. Meyer, and his wife, Margaret W. Meyer. The income of the trust was to be paid in certain amounts set forth therein to four named beneficiaries, Emma T. B. Meyer, mother of the plaintiff, Emma J. Clarke, sister of the plaintiff, Louise W. Curtin, sister-in-law of the plaintiff, the balance to be paid to the plaintiff's wife, Margaret W. Meyer.

If any of the first three should die, the income that would have been payable to that party was then to be paid to Margaret W. Meyer, the plaintiff's wife, if living, and if dead, to the nominee of the plaintiff by proper written instrument. If the plaintiff's wife should die prior to the termination of the trust, the income payable to her was also to be paid to the nominee of the plaintiff to be made by proper written instrument.

Upon the death of the plaintiff and his wife, the trust was to terminate and the principal was to be paid over and delivered to the designee or designees to be named in the last will and testament of the survivor.

Respecting modification or alteration of the trust, the 3d paragraph provides: " 3. The Donor hereby expressly reserves to himself the right and power at any time and from time to time by instrument in writing duly signed and acknowledged by him, and filed with the Trustee or its successor or successors of this trust, to alter or modify the provisions of this indenture in so far as they affect the distributions of said trust fund and the income thereof, either by changing and altering the *pro rata* portion of income to be distributed among the above named persons, or by substituting

any other person or persons as beneficiaries in whole or in part under this trust."

With reference to cancellation or revocation of the trust deed the 14th paragraph provides: " 14. It is understood and agreed that the assignment and transfer to the Trustee of the trust property is made by the Donor without reserving to himself any right, power or authority to annul, cancel or revoke the same; that this indenture or deed of trust is delivered by the Donor to the Trustee absolutely and irrevocably, and without any condition, limitation or reservation whatsoever, other than as herein expressly set forth; and that all of the trusts, powers, estates, duties and obligations hereby created and hereby conferred upon and vested in the Trustee are irrevocable."

On or about February 2, 1931, the plaintiff donor presented to the defendant a proposed agreement purporting to revoke the trust indenture which agreement was executed by the donor and *all the beneficiaries* therein named. That is admitted in the following statement: " On or about the 2nd day of February, 1931, the plaintiff presented to the defendant an agreement in writing intended to revoke the said trust, duly executed by the plaintiff and Emma T. B. Meyer, Margaret W. Meyer, Louise W. Curtin and Emma J. Clarke, *being all of the beneficiaries named* therein."

The trustee refused to recognize this agreement in view of the provisions for possible designee in the will of the survivor of the donor and his wife.

On March 4, 1931, the donor exercised his right of modification recited above and delivered to the trustee a written instrument, duly acknowledged modifying the trust indenture as to the 1st, 2d and 14th paragraphs thereof as follows: " 1. To hold same and subject to the control of Donor during his lifetime, to manage, sell, invest and re-invest the same and every part thereof, as herein directed, and to collect the income therefrom and after deducting the commissions of the trustee as hereinafter provided, and the proper and necessary expenses incurred in the administration of the trust, to pay over the net annual income thereof until the termination of said trust, including all income which has accrued up to this date upon the above described properties, in quarter yearly installments as follows:

" To Margaret W. Meyer, wife of Donor, the entire net income.

" 2. Upon the death of the said Margaret W. Meyer, wife of Donor, the trust shall terminate, and upon such termination of the trust, the principal then constituting the trust fund shall be paid over and delivered by the Trustee to the Donor."

"14. It is understood and agreed that the assignment and transfer to the Trustee of the trust property is made by the Donor, subject to all the provisions of the Personal Property Law of the State of New York; that this indenture or deed of trust is delivered by the Donor to the Trustee subject to such provisions; and that all of the trusts, powers, estates, duties and obligations hereby created and hereby conferred upon and vested in the Trustee are likewise subject to such provisions."

The modification agreement is set forth in the 7th paragraph of the agreed statement of facts. On the next day the plaintiff donor executed and delivered to the defendant trustee a written instrument purporting to revoke the trust indenture, attached to which were the duly acknowledged consents of the donor and his wife as the sole persons interested in the said trust. These documents are set forth in the 8th and 9th paragraphs of the agreed statement of facts.

Demand was thereupon made for the return of the securities constituting the trust fund and this demand was refused.

It is the contention of the plaintiff, as set forth in paragraph 13 of the statement of facts, that the plaintiff and the said Margaret W. Meyer are the only persons beneficially interested in the trust created by the trust indenture hereinbefore described, and that no other persons have any interest in the subject of the trust. The plaintiff claims that he is now entitled to an accounting on the part of the defendant and to immediate possession of the property comprising the principal of the trust, after deducting all proper expenses and charges of administration.

It is the contention of the defendant that the plaintiff and the said Margaret W. Meyer are not the only persons beneficially interested in the trust created by the trust indenture and that other persons have an interest in the subject of the trust. The defendant, however, has failed to show any other persons having an interest in the subject of the trust. The defendant claims that the plaintiff is not now entitled to an accounting on the part of the defendant or to immediate possession of the property comprising the principal of the trust. The defendant says that the writings delivered to it did not effect a revocation of the said trust and refuses to deliver the property comprising the principal of the trust unless there is a judicial determination that there has been a valid revocation of the trust, or until the trust has been terminated by the provisions of the trust indenture or the other writings hereinabove set forth.

The plaintiff says that the revocation agreement was not only executed by all the parties having any interest under the trust

indenture but that it fully complies with the provisions of section 23 of the Personal Property Law (as added by Laws of 1909, chap. 247), which provides that " Upon the written consent of all the persons beneficially interested in a trust in personal property or any part thereof heretofore or hereafter created, the creator of such trust may revoke the same as. to the whole or such part thereof, and thereupon the estate of the trustee shall cease in the whole or such part thereof."

As already pointed out by section 3 of the trust deed, the donor reserved the right at any time or from time to time to alter or modify the provisions thereof in so far as they affected the distribution of said trust fund and the income thereof.

In the written instrument under date of March 4, 1931, the donor exercised his right to make such a change in the terms of the trust deed with reference to the distribution of both principal and income. The donor not only exercised his rights to change the beneficiary named in the deed of trust but later with all the beneficiaries interested therein he revoked the deed of trust. His right to do so seems to be clear. (*Whittemore* v. *Equitable Trust Co.*, 250 N. Y. 298; *McKnight* v. *Bank of New York & Trust Co.*, 254 id. 417.)

By the trust deed the settlor intended to create a life interest in the trust fund reserving to his wife or himself or the survivor the right to dispose of the principal by will. The donor having reserved the right to change the beneficiaries named in the trust deed from time to time and to dispose of both principal and income and having done so, as provided in section 3 thereof, it was not necessary to obtain the consent of any one other than those who joined with him to revoke the trust.

The parties having fully complied with all the requirements to revoke said trust deed, the plaintiff is entitled to judgment as prayed for in the agreed statement of facts.

FINCH, P. J., MERRELL, MCAVOY and SHERMAN, JJ., concur.

Judgment directed in favor of plaintiff. Settle order on notice.