United States Trust Company of New York, as Trustee under a Certain Deed of Trust for the Benefit of Harriet F. Tracy Thompson, Plaintiff, *v.* Zillah T. Wenzell and George A. Tracy Thompson, Individually and as Administrators c. t. a. of Harriet F. Tracy Thompson, Deceased, Ambrose Day, Defendants.*

Supreme Court, Special Term, New York County, September 28, 1939.

* Affd., 258 App. Div. 1046.

*Hill, Lockwood & Redfield* [*Robert L. Redfield* of counsel], for the plaintiff.

*Alexander & Keenan* [*T. Sherman Class* of counsel], for the defendant Ambrose Day.

*Alexander S. Andrews*, for the defendants Zillah T. Wenzell and George A. Tracy Thompson, individually.

*Richard Steel*, for the defendants Zillah T. Wenzell and George A. Tracy Thompson, as administrators *c. t. a.* of Harriet F. Tracy Thompson, deceased.

HAMMER, J. Motion is made by defendant Ambrose Day for judgment determining his ultimate rights as between him and the codefendants under section 264 of the Civil Practice Act, and under rule 112 of the Rules of Civil Practice. This motion is directed to plaintiff and defendants Thompson and Wenzell individually.

Plaintiff's action here is for an accounting. Plaintiff was duly appointed trustee under a deed of trust by Zillah Robinson, dated

March 27, 1894. The trust indenture required the trustee to collect the interest, income and dividends so delivered to it and to pay over the same to Zillah Robinson during her natural life, and upon her death " to continue to pay over such net income to Harriet Tracy Thompson during her life, and upon her death to pay over the principal in such manner as the same Harriet Tracy Thompson may by last will and testament have appointed, and in default of such appointment to the descendants of said Harriet Tracy Thompson, *per stirpes*, living at the death of the said Zillah Robinson, or in default of descendants then to her next of kin."

The maker of the trust, Zillah Robinson, died in or about the month of May, 1902, leaving a will which was admitted to probate on June 2, 1902, by the Surrogate's Court of the County of New York, and Harriet F. Tracy Thompson (the same person and beneficiary named in the deed of trust) was the sole surviving executor thereof. Harriet F. Tracy Thompson died on March 9, 1939, leaving a last will and testament duly admitted to probate, and letters of administration *c. t. a.* were duly issued to Zillah T. Wenzell and George A. Tracy Thompson, her only descendants who were living at the time of the death of said Zillah Robinson. The said Zillah T. Wenzell and George A. Tracy Thompson, as such administrators *c. t. a.*, have appeared and have cross-claimed against the defendant Day, by which the administrators claim that the surplus under the deed of trust should be paid over to them. The defendant Day claims the fund to the extent indicated in the last will and testament of Harriet F. Tracy Thompson. It would appear that as to the defendant Day, the power of appointment granted to Harriet F. Tracy Thompson, under the deed of trust, has been exercised, and that the defendant Day has been bequeathed the sum of $21,000 pursuant to the Fifth clause of the will of said Harriet Frances Tracy Thompson, by subdivision 1 thereof.

There is no issue of fact as between the defendants and the plaintiff. The issue as to whether or not the power of appointment was legally exercised is one of law. The defendants Wenzell and Thompson have answered separately as administrators *c. t. a.* of the estate of Harriet F. Tracy Thompson, deceased, as well as individually as descendants of said deceased, living on the date of the death of Zillah Robinson, the maker of the trust. These defendants seek affirmative judgment in their respective capacities to the effect that the execution or attempted execution by the last will and testament of Harriet F. Tracy Thompson of the power of appointment to said codefendant Day was improper. The power of appointment exercised as to other beneficiaries named in the last will is not questioned. It is claimed that the estate is insolvent.

The amended answer alleges that prior to her death the said Harriet F. Tracy Thompson borrowed from one Elizabeth Singer Proctor $10,162 and delivered to said Proctor an agreement to the effect that the said Thompson would insure payment of the money by directing and appointing that there be distributed to said Proctor so much of the principal of said trust fund as shall equal the amount of the principal and interest on all debts due by her to said Proctor at the time of her death, without regard to the Statute of Limitations. The full extent of this agreement is not essential here. It further appears that said Proctor died and that the legal representatives of her estate have filed a claim with the administrators c. t. a. of the estate of Harriet F. Tracy Thompson, deceased, with formal proof of said claim. It is further claimed that Day was not a creditor of the said decedent in the full amount of $21,000, and the defendants seek payment to them as administrators c. t. a. to be distributed *pro rata* among all decedent's creditors, and the surplus, if any, to be paid to the said codefendants individually in accordance with subdivisions 4 and 5 of paragraph Fifth of the will of Harriet F. Tracy Thompson, deceased.

The answer of the defendant Day seeks affirmative relief as against Wenzell and Thompson as administrators c. t. a. of Harriet F. Tracy Thompson, deceased, and also as to their individual claims. Though there are two motions made, a disposition of this motion as against the defendants as administrators will necessarily dispose of the claim of the said defendants in their individual capacities.

As has been said, no real issue of fact is presented as against the plaintiff, and there is no reason to delay any disposition in plaintiff's favor because of the conflicting claims of the codefendants. However, it is my view of the facts as presented by the defendants Wenzell and Thompson, both as administrators as well as individually, that, conceding the truth of the matter set forth in the respective answers of said defendants, such facts do not sustain a cause of action as against the defendant Day whereby said Day shall be deprived of the bequest that has been made by said Harriet F. Tracy Thompson, deceased, by power of appointment legally exercised by her in accordance with the deed of trust of Zillah Robinson, deceased. I am satisfied that the power of appointment was exercised and that in accordance with the deed of trust the defendant Day is entitled to the fund to the extent indicated in the last will and testament of Harriet F. Tracy Thompson, deceased; whether or not said Day is a creditor is of no import. (*Cutting* v. *Cutting*, 86 N. Y. 522; *Hirsch* v. *Bucki*, 162 App. Div. 659; *Matter of Palmer*, 127 Misc. 782; *Farmers' Loan & Trust Co.* v. *Mortimer*, 219 N. Y. 290.) The court may grant judgment pursuant to

section 476 of the Civil Practice Act and rule 112 of the Rules of Civil Practice without regard to which party makes the motion.

Plaintiff is, therefore, entitled to interlocutory judgment decreeing an accounting and to the appointment of a referee to take and state the account. The affirmative claims and controversy as between the defendants (Civ. Prac. Act, § 264) is disposed of by dismissing the claims of the codefendants individually and as administrators *c. t. a.* of the estate of Harriet F. Tracy Thompson, deceased, as against the defendant Day, and deciding upon the pleadings and other exhibits that the defendant Day is entitled to the payment of the amount bequeathed to him in so far as the accounting shall determine, on the ground that the power of appointment was legally exercised by the will of said Harriet F. Tracy Thompson, deceased, in accordance with the power given to her by the deed of trust of Zillah Robinson.

Settle interlocutory judgment on notice accordingly.