JULIA M. FURCHGOTT, Plaintiff, *v.* HENRY HOTTINGER and THE FIFTH AVENUE BANK OF NEW YORK, as Trustees under an Agreement Dated June 1st, 1932, Made by and between JULIA M. FURCHGOTT as Grantor and HENRY HOTTINGER and THE FIFTH AVENUE BANK OF NEW YORK as Trustees, Defendants.

First Department, June 19, 1942.

*Herbert A. Cone,* for the plaintiff.

*Leon Schaefler,* for the defendants.

DORE, J. On this submission of controversy under sections 546 to 548 of the Civil Practice Act, the issue is whether a trust created by plaintiff was validly revoked under section 23 of the Personal Property Law.

On June 1, 1932, plaintiff created a trust of personal property, naming defendants trustees to hold and invest the securities, pay the net income to plaintiff, creator of the trust, during her life, and upon her death to pay the principal to children and grandchildren in certain shares or trusts unless the creator of the trust " shall otherwise direct during her lifetime, as hereinafter provided." The deed of trust then expressly reserved to the donor the right

to change, amend, modify or revoke any of the provisions with regard to the disposition of principal or income of the trust and the person or class of persons to whom the principal or income or any part thereof should be payable on the death of the donor; and further provided, in the event of such change, modification or revocation that no person or class of persons theretofore designated to whom the principal or any part of the income should be payable after the death of the donor " shall have any rights whatsoever " to the principal or income of the trust or any part thereof. The trust deed also stated that except " as hereinabove provided, this trust shall be irrevocable."

By written instruments duly executed and delivered to defendants on November 30, 1938, and October 11, 1939, plaintiff altered and amended the deed of trust in so far as it affected disposition of the trust fund after the grantor's death. On April 21, 1942, plaintiff delivered another instrument revoking all prior directions and providing that no person or persons previously named by plaintiff as entitled to any part of the trust fund should have " any right whatsoever in or to the principal or income of the trust * * * or any part thereof." That same instrument, in accordance with the right reserved to the donor, directed that on the donor's death the principal of the trust be paid over absolutely to one Hazel Powers and not to the persons previously designated. The submission states that the written instrument of April 21, 1942, was made and delivered by the grantor for the purpose of enabling the grantor subsequently to terminate the trust with the consent of Hazel Powers, " and the said Hazel Powers was not intended to personally benefit therefrom." On April 28, 1942, the grantor served an instrument on the trustees executed by herself and Hazel Powers, consenting to the revocation of the trust and directing that the fund be paid to the grantor.

Plaintiff contends that under the broad powers reserved by her, no one had any indestructible right to a remainder, and that the trust was properly revoked. Defendants contend that Hazel Powers had no beneficial interest in the trust; that all of the persons beneficially interested within the meaning of section 23 of the Personal Property Law have not consented to its termination, and have accordingly refused to return the principal of the trust to plaintiff.

Section 23 of the Personal Property Law reads as follows:

" § 23. Revocation of trusts upon consent of all persons interested. Upon the written consent of all the persons beneficially interested in a trust in personal property or any part thereof heretofore or hereafter created, the creator of such trust may revoke the same as to the whole or such part thereof, and there-

upon the estate of the trustee shall cease in the whole or such part thereof."

The trustees rely on *Guaranty Trust Co.* v. *Harris* (267 N. Y. 1) and *Manufacturers Trust Co.* v. *Wiasielewicz* (Supreme Court, Special Term, N. Y. L. J. Feb. 21, 1941, p. 809). But in the *Harris* case the agreement limited principal to the grantor's children or remoter issue as she might appoint; the grantor later appointed to unborn issue and then sought to revoke without the consent of the children. The court held that the grantor's children had a contingent remainder which could not be cut off. In the *Wiasielewicz* case the grantor had the right to change the beneficiary, but coupled with such right was a provision that in no event could such change result in naming the grantor's estate as beneficiary. In both of those cases there were limitations in the trust deeds which made the attempted appointments and subsequent revocation violative of the terms of the agreement and, therefore, unlawful. In the case before us we have no restriction or limitation of any kind whatsoever on the power of the donor of the trust to change or revoke the disposition of income or principal. The appointment to Hazel Powers violated nothing in the agreement but was made in accordance with its express provisions. The terms of this trust deed reserved to the creator of the trust every possible power of change and revocation so far as the disposition of the principal and the income of the trust fund were concerned, expressly providing that the original direction for the disposition of principal and income should be effective only if the grantor should not otherwise direct during her lifetime, and that on any change by her pursuant to the power reserved, no one theretofore designated should have any rights whatever to the principal, the income or any part thereof.

Although Hazel Powers, as the submission frankly states, did not have a beneficial interest in the trust, the grantor had reserved the power to revoke prior dispositions of principal, and the instrument of April 21, 1942, completely accomplished that object. After such revocation, the grantor had the right to appoint the disposition of the principal, if she so willed, to her own estate.

In *Faulkner* v. *Irving Trust Co.* (231 App. Div. 87) the grantor's sister was named as ultimate beneficiary but the trust deed permitted the grantor to amend the instrument " in any manner whatsoever " except that he did not have power to withdraw any of the securities; subsequently exercising his right to amend, the grantor revoked the gift to the sister and directed that the remainder be paid to the grantor's executors in the event of his death; the following day the grantor revoked the trust. This court upheld his right to do so, saying: " The intention of plaintiff as creator of

the trust must prevail. The language of paragraph 'seventh' of the agreement requires no construction other than its natural meaning, and when plaintiff exercised thereunder his right to amend, his sister was divested of all beneficial interest."

In *Meyer* v. *Bank of Manhattan Trust Co.* (232 App. Div. 228) the grantor likewise reserved to himself the right to alter and modify the provisions of the trust deed in so far as they affected distribution of principal or income; thereafter the grantor directed the trustees to pay over the income to his wife and on her death to pay over the principal to the grantor; on the next day, with the consent of his wife, he revoked the trust. This court upheld the revocation, saying (per MARTIN, J., now Presiding Justice): " The donor having reserved the right to change the beneficiaries named in the trust deed from time to time and to dispose of both principal and income and having done so, as provided in section 3 thereof, it was not necessary to obtain the consent of any one other than those who joined with him to revoke the trust."

Here, the persons to whom the principal and income had previously been designated had absolutely no right or interest whatever in the trust fund on the date of its revocation. Under the terms of the deed the grantor gave nothing that she could not take away, and her right to do so was unlimited and unqualified. It follows that when the trust was revoked, no person other than the grantor and Hazel Powers or the grantor alone had any beneficial interest, and the trust was lawfully revoked.

The judgment should be rendered in favor of plaintiff, without costs.

MARTIN, P. J., UNTERMYER, COHN and CALLAHAN, JJ., concur.

Judgment unanimously directed in favor of the plaintiff, without costs. Settle order on notice.