BANKERS TRUST COMPANY, as Trustee for JOHN R. TOPPING, Plaintiff, *v.* JOHN R. TOPPING et al., Defendants.

Supreme Court, Special Term, New York County, March 26, 1943.

*Livingston Platt* for plaintiff.

*Clarence J. Shearn* for defendants.

*John Caldwell Myers* for guardian *ad litem* of Sandra E. Topping and Henry J. Topping, 3rd.

*Sol A. Rosenblatt* and *William B. Jaffe* for guardian *ad litem* of Daniel R. Topping, Jr.

VALENTE, J. In this action, wherein plaintiff trustee seeks a decree authorizing it to render its account of proceedings, the validity of the trust is questioned as violative of the rule against perpetuities (Personal Property Law, § 11).

Originally the settlor created a trust on February 4, 1919, which provided that the income be paid to his daughter until his two grandsons, then living, respectively reached thirty years of age when each was to receive one half the principal, and the trust was in that manner to terminate. That indenture further provided that the donor might "modify or alter in any manner" the trust therein created "but this power to modify or alter is not intended and shall not be construed to include the right to the donor to make such modification or alteration in his favor or in favor of his estate, but shall apply only so far as the interests of third parties may be concerned."

Subsequently, on September 15, 1921, a third grandson of the settlor was born, defendant John Reid Topping, and the settlor desired to benefit each of his grandsons equally by the exercise of the reservation in the original indenture. On that day the settlor canceled and annulled the original trusts and substituted by a new agreement three separate trusts for the single trust, the principal of each of which was to go to his grandsons respectively as they reached thirty years of age, whereupon these trusts were to terminate. On June 19, 1922, the settlor canceled and annulled these new trusts and eliminated his daughter as the income beneficiary and provided that the income should be accumulated and paid to each grandson respectively at the age of twenty-one years. Thereafter the income was to be paid respectively to each grandson until termination of each respective trust. On the death of any grandson before reaching thirty years of age, the remainder is to go to his issue, if any, otherwise to his brothers, or, if deceased, to their issue *per stirpes*.

The trust for the oldest grandson has terminated, he having reached thirty years of age; the second grandson has passed twenty-one years of age and has received the accumulated income due him. The youngest grandson is presently twenty-one years old and, if the terms of the trust for his benefit are carried out, is entitled to the accumulated income thereof. This is the occasion for the litigation at bar.

The only party herein contesting the validity of this trust is the guardian *ad litem* for infant defendant Daniel Reid Topping, Jr., a nephew of John Reid Topping, the beneficiary. If the trust is valid this infant is at least a remote contingent remainderman, while if invalid this infant would seem to have no interest. This apparently adverse position is claimed to be actually to the infant's benefit as, if the trust is invalid, it is said that his father will take of his uncle's inheritance. Be that

as it may, the validity of the trust is purely a question of law and is not to be determined on the basis of the morals or motives of the parties. Likewise immaterial is the standing of the guardian *ad litem* to attack the validity of the trust. The complaint itself raises the question and, as a matter of public policy, this court must decide the question, even *sua sponte,* and without heed to the result, for the command of the statute is inexorable. (*Carrier* v. *Carrier,* 226 N. Y. 114.)

It is clear that this trust would have been invalid under the rule against perpetuities had it been contained in the original trust indenture of February 4, 1919, for John Reid Topping was then not yet in being. (*Matter of Wilcox,* 194 N. Y. 288; *Matter of Hitchcock,* 222 N. Y. 57; *Matter of Roe,* 281 N. Y. 541; *Matter of Morrison,* 173 Misc. 503.) This is so although, as appears to be the fact in this case (cf. Real Property Law, § 42), the power of alienation is not thereby suspended (but see *Hammerstein* v. *Equitable Trust Co.,* 156 App. Div. 644, affd. 209 N. Y. 429), for the "rule against perpetuities in this jurisdiction is directed against both remoteness of vesting and the suspension of the absolute ownership of personal property." (*Bankers Trust Co.* v. *Firth,* 177 Misc. 797.)

The problem presented is whether the validity of the trust attacked is thus to be tested as of the date of the original indenture or as of the later date of its creation, when the measuring life was in being. It has been held that where the original trust indenture contained a reservation of a power of revocation in the settlor, a later modification providing for trusts measured by lives not in being at the time of the original indenture is permissible, and the validity of such trust is then to be tested as of the time of the modification. (*Schenectady Trust Co.* v. *Emmons,* 261 App. Div. 154, affd. without opinion 286 N. Y. 626; *United States Trust Co.* v. *Chauncey,* 32 Misc. 358; *Equitable Trust Co.* v. *Pratt,* 117 Misc. 708, affd. 206 App. Div. 689; *Irving Trust Co.* v. *Hartmann,* 8 N. Y. S. 2d 387.)

The trustee asserts that the broad language used in the original indenture reserving to the settlor the right to modify and alter is equivalent to the right to revoke, and it has so been held in cases not too widely different. (*Porter* v. *Commissioner,* 288 U. S. 436; *Hesslein* v. *Hoey,* 18 F. Supp. 169, affd. 91 F. 2d 954, certiorari denied 302 U. S. 756.) This court has the duty of adopting a construction which will render the trust valid, rather than invalid, if possible (*Morris* v. *Morris,* 272 N. Y. 110), and effectuate the just and proper intention of the settlor. (*First Nat. Bank & Trust Co.* v. *Palmer,* 235 App. Div. 593.)

In the circumstances of the case at bar, the power of alienation was at no point suspended, and the trust in question clearly does not offend against the spirit of the rule against perpetuities. (*Cochrane* v. *Schell*, 140 N. Y. 516.)

It follows that the trust under consideration is valid and enforcible. (*Schenectady Trust Co.* v. *Emmons*, 261 App. Div. 154, affd. without opinion 286 N. Y. 626, *supra*.)

The trustee is authorized to file its account. Settle, on notice, findings of fact, conclusions of law and interlocutory judgment construing the trust indenture in accordance herewith.