GEORGE B. ST. GEORGE, Plaintiff, v. FULTON TRUST COMPANY OF NEW YORK, Defendant.

First Department, April 12, 1948.

*William J. Harnisch* of counsel (*Charles C. Smith* with him on the brief; *Manning, Harnisch & Hollinger,* attorneys), for plaintiff.

*Carlo D. Cella* for defendant.

GLENNON, J.   In this submission of a controversy, involving a revocation of an *inter vivos* trust pursuant to section 23 of the Personal Property Law, the following facts essential to a determination of the issue have been stipulated:

On September 29, 1938, plaintiff and defendant entered into a trust agreement under which plaintiff, as donor, turned over certain securities to defendant, as trustee, for the purposes of the trust.   The indenture provided for the payment of the trust income to plaintiff for life and upon his death to his wife for life, with remainder over to his daughter, if living, otherwise to her issue per stirpes.   Plaintiff reserved to himself the right to dispose of the principal of the trust by his will; the right to control investments; and the right '' at any time   *   *   *   to change, alter, amend or modify this indenture in any and every respect, but not effecting a revocation of the trust.''

Exercising his reserved right to change the provisions of the trust, plaintiff on February 11, 1947, amended the trust agreement by eliminating the following paragraph from the indenture: '' Upon the death of the survivor of said Donor and his wife Katherine St. George, to pay over said principal fund so held in trust to Priscilla St. George Duke, daughter of the said Donor, and if she be dead to pay said principal fund to her issue in equal shares per stirpes.''   In its place the following paragraph was inserted:

'' Upon the death of the survivor of said Donor and his wife Katherine St. George, to pay over said principal fund so held in trust to Priscella St. George Ryan, daughter of said Donor, and if she shall then be dead to the Estate of the Donor.''

The effect of the modification was to substitute the estate of the donor for the daughter's issue.   Plaintiff has no children other than his daughter, Priscilla St. George Ryan, who in turn has two children both of whom are infants.

On December 1, 1947, plaintiff served a notice of revocation of the trust agreement upon the defendant, together with consents executed by his wife and daughter.   The defendant has

refused to honor the instruments served upon it without a judicial determination that the trust is revocable upon the consents of the wife and daughter. It questions the right and power of the donor to revoke the deed of trust as amended, as well as the sufficiency of the consents.

We find that the consents obtained were sufficient and that the donor was not precluded from seeking a revocation of the trust agreement. The prohibition against a revocation by exercise of the right to amend or modify did not serve to deprive the donor of his right to invoke the provisions of section 23 of the Personal Property Law (*Faulkner* v. *Irving Trust Co.*, 231 App. Div. 87). The effect of the prohibition was to limit the exercise of the right of amendment to such changes as would not effect a revocation of the trust. It prevented revocation by the unilateral act of the donor. The trust agreement was irrevocable as the defendant contends, but its irrevocability was not due to any express language contained in the indenture but rather to the failure of the donor to reserve the right to revoke. Even if the trust agreement by its terms declared the trust to be irrevocable the donor would not be prevented from revoking it pursuant to the provisions of section 23 of the Personal Property Law. (*Franklin* v. *Chatham Phenix Nat. Bank & Trust Co.*, 234 App. Div. 369.) That section applies only to irrevocable trusts. Obviously a donor who had reserved the right to revoke would not be concerned with the provisions of section 23. What effect an express waiver of the provisions of section 23 would have on the problem before us need not be considered since there is nothing in the agreement to indicate any intention on the part of the donor to waive his rights under that section.

The defendant maintains that the consents of the daughter's minor children are required in order to effectuate a complete revocation of the trust. It is argued that the infants have at least a contingent interest in the trust fund since they will, if living, become distributees of the donor's estate in the event he dies intestate and his daughter predeceases him. If such a contingency occurs the infants would take by descent and not by purchase. Their right would be based on their relationship to the donor and not by virtue of any provisions made for them in the trust agreement.

The provisions directing payment of the trust fund to the "Estate of the Donor" in the event of the death of the daughter prior to the death of both income beneficiaries, did not create a remainder interest in the distributees of the donor. The question as to whether a reversion or a remainder is created in

a given case depends to a great extent upon the intention of the grantor as disclosed by the provisions of the indenture. In the absence of a clearly expressed intention to the contrary, the ultimate disposition of a trust to the heirs or next of kin of a grantor constitutes the reservation of a reversion. (*Matter of Scholtz* v. *Central Hanover Bank & Trust Co.*, 295 N. Y. 488; *Smith* v. *Title Guarantee & Trust Co.*, 287 N. Y. 500; *Julier* v. *Central Hanover Bank & Trust Co.*, 272 App. Div. 598.) There is nothing in the indenture before us to indicate that the apparent reservation of a reversion was intended by the donor to be construed as the creation of a remainder interest. Actually the provisions made negative any such intention. The direction that the trust be paid over to his estate does not necessarily indicate that it was to go to his distributees. The donor might die testate, but without exercising his power of appointment, in which case the fund would become payable to his residuary legatees who might be persons other than relatives of the donor. In the event of intestacy the property would descend as part of his estate to his distributees as determined by the laws of the State of his domicile at the time of his death. It follows therefore that a reversion and not a remainder was created.

That being so the only persons beneficially interested in the trust within the meaning of section 23 are the plaintiff, his wife and daughter. Since all are desirous of terminating the trust and have executed the necessary instruments to effect that result, it was incumbent upon the defendant to accede to their wishes.

Judgment should therefore be directed in favor of plaintiff in accordance with the submission, without costs.

PECK, P. J., DORE, COHN and VAN VOORHIS, JJ., concur.

Judgment unanimously directed in favor of plaintiff in accordance with the submission, without costs. Settle order on notice.