GUARANTY TRUST COMPANY OF NEW YORK et al., as Surviving Trustees of a Trust Agreement Made by ELIZABETH S. HOWE, et al., Plaintiffs, v. ELIZABETH S. HOWE et al., Defendants.

GUARANTY TRUST COMPANY OF NEW YORK et al., as Surviving Trustees of a Trust Agreement Made by THOMAS H. SHEVLIN et al., Plaintiffs, v. THOMAS H. SHEVLIN et al., Defendants.

GUARANTY TRUST COMPANY OF NEW YORK et al., as Surviving Trustees of a Trust Agreement Made by ELIZABETH S. RUSSELL et al., Plaintiffs, v. THOMAS H. SHEVLIN et al., Defendants.

Supreme Court, Special Term, New York County, July 12, 1948.

*Davis Polk Wardwell Sunderland & Kiendl* for Guaranty Trust Company of New York and another, as surviving trustees, plaintiffs.

*Ralph F. Lewis* for Gladys R. Johnson and others, as executors of Wayne Johnson, deceased trustee, plaintiffs.

*Sol A. Rosenblatt* and *Charles Roden* for Thomas H. Shevlin and another, defendants.

*Eli H. Bronstein,* as guardian ad litem for Paul M. Smith, Jr., and others, infants, defendants.

*Shearman & Sterling & Wright* for Marshall H. Russell and another, as executors of Elizabeth S. Russell, deceased, defendants.

*Mark J. Ryan* for Gladys R. Johnson and others, as executors of Wayne Johnson, deceased, defendants.

VALENTE, J. The plaintiffs have instituted three trustees' accounting actions relating to three *inter vivos* trusts. The said trusts were created respectively by the following named grantors: Elizabeth S. Russell, by trust indenture dated February 24, 1939; Thomas H. Shevlin by trust indenture dated February 24, 1939, and Elizabeth S. Howe, by trust indenture dated February 14, 1939. The grantors of said trusts, for the purposes of brevity, are herein referred to as " Russell ", " Shevlin " and " Howe ". Mrs. Russell, grantor of one of said trusts, died on July 4, 1944, and her trust has completely terminated. The two remaining trusts, executed respectively by the

defendants Shevlin and Howe, continue. The questions before the court, upon such defendants' motion upon the trial, relate to the validity of the instruments of amendment and modification made with respect to the Shevlin and Howe trusts. The principal constituting the corpus of each of said three trusts was derived from a prior testamentary trust created by Thomas L. Shevlin, as testator, the deceased former husband of Mrs. Russell and the father of Shevlin and Howe, who were the sole surviving children of the marriage of said Thomas L. Shevlin, now deceased, and Mrs. Russell. The will of said deceased Thomas L. Shevlin provided in substance, and among other things, for payment out of the trust created thereunder of the sum of $60,000 annually to Mrs. Russell for life, with the remainder to Shevlin and Howe. That will also contained a power of termination of said trust, upon the consents of the trustees. Thereafter, pursuant to such power, the Thomas L. Shevlin trust was terminated and the corpus thereof was divided and delivered to the trustees of the Russell, Shevlin and Howe trusts to comprise the respective corpuses of such trusts, as clearly appears from the preamble to each of said three *inter vivos* trust instruments. Following the general plan of the deceased father's will, the purposes of such distribution were to provide Mrs. Russell with an annual income of $60,000 and to confer the dominant interest in the principal upon her children, according to the terms and provisions of their respective *inter vivos* trusts. The Russell trust indenture specifically provides that upon her death her trust was to terminate and the principal thereof divided between the Shevlin and Howe trusts, to be administered and disposed of in accordance with the terms and provisions of the latter two trusts. The latter trusts contained a similar provision with respect to the inclusion of the Russell corpus upon her death.

Subsequent to Mrs. Russell's death, the grantors Shevlin and Howe each executed and delivered to the trustees an amendment of their trust instruments which nominated new adult beneficiaries and eliminated all prior beneficiaries from any interest therein. These amendments were accepted and executed by the trustees. In the Howe trust this amendment is dated March 21, 1947, and is annexed to the complaint as Exhibit " G ". In the Shevlin trust such amendment is dated February 28, 1947, and is annexed to the complaint and designated as Exhibit " J ". Such change of beneficiary was made pursuant to the powers reserved by the grantors Shevlin and Howe pursuant to article " Twelfth " of their respective trust instruments

and reads identically in each of said Shevlin and Howe trusts, as follows: "This trust shall be, and hereby is declared to be irrevocable. The Grantor, however, reserves to (herself) during (her) lifetime the right and power to change the beneficiaries of the income and principal hereof, and to increase or decrease their beneficial interest hereunder; provided, however, that the Grantor shall have no right or power to modify or alter this agreement or the trusts at any time existing hereunder so as to increase directly or indirectly the interest of the Grantor or (her) estate in the income from or the principal of the Trust Estate, nor directly or indirectly to revest in the Grantor or (her) estate, title to any part of the principal of the Trust Estate or the income therefrom; and provided further that the Grantor shall have no right or power to modify or alter this agreement or the trusts at any time existing hereunder so as to decrease, directly or indirectly, the interest of said Elizabeth S. Russell in the income from and principal of the Trust Estate hereunder. Any change of beneficiaries or of their interest herein, as above authorized, shall be made by a supplemental agreement between the Grantor and the Trustees, duly executed and delivered in the lifetime of the Grantor." (Matter in parenthesis mine.)

Subsequent to the execution of said respective amendments changing the beneficiaries of the continuing trusts, the grantors in each case, together with their newly named adult beneficiaries, joined in executing further and final amendments to each of the trust indentures, divesting the said newly named adult beneficiaries of any interest in the trusts and naming the grantor's estate, respectively, in each case, as such beneficiary. Other previous amendments and modifications of the trust indentures are not necessary of a detailed discussion herein, since the manner and circumstances under which said prior amendments were executed and delivered, under the present state of the record before me, requires that the same conclusion be reached as to them as is reached with respect to the validity of the appointment of the newly named adult beneficiaries pursuant to the said respective Exhibits "G" and "J".

I find and decide that pursuant to the express provisions of the Russell trust and the Shevlin and Howe trusts, the corpus of the Russell trust, upon Mrs. Russell's death, was to be disposed of according to the terms and provisions of the Shevlin and Howe trusts. Mrs. Russell thereby condoned in advance what her children were to do. She was chargeable with the legally foreseeable consequences of such a stipulation in her trust

indenture. Therefore, the provisions of article " Twelfth " of the latter two trusts control the disposition of the Russell corpus, the same as if the latter trust had never existed. The case of *Satterfield* v. *Manufacturers and Traders Trust Co.* (272 App. Div. 127) is easily distinguishable on these facts.

I further find and decide that the grantors Shevlin and Howe having respectively reserved to themselves, pursuant to said article " Twelfth ", the right to change the beneficiaries of their trusts, had a full legal right to do so and to name new adult beneficiaries, other than themselves, in accordance therewith and that such amendments, as evidenced by said Exhibit " G " in the Howe trust and said Exhibit " J " in the Shevlin trust, were and are good, valid and sufficient. I reach the same conclusion with respect to the final amendment made in the Howe trust, dated March 31, 1947, and designated as Exhibit " H " annexed to that complaint, and the final amendment in the Shevlin trust dated April 25, 1947, and annexed to that complaint and designated as Exhibit " K ", which I find to be validly executed in accordance with the provisions of section 23 of the Personal Property Law and binding upon all parties to these actions. It necessarily follows that all the instruments of amendment and modification, copies of which are annexed to the complaints in the actions pertaining to the Shevlin and Howe trusts, are good, valid and sufficient and binding upon the parties to the three actions and where lacking in such execution should be executed by the surviving trustees. The foregoing is subject to the respective rights of the grantors Shevlin and Howe, by unilateral action, to further amend or revoke their respective trust indentures in whole or in part, from time to time in such manner as they might deem fit.

The authorities in this State are uniform to the effect that a grantor reserving the right to change a beneficiary of an *inter vivos* trust, despite the stipulation of irrevocability therein contained, may make such a change, and, with the consent of the newly named adult beneficiary, join in a revocation of the trust pursuant to the provisions of section 23 of the Personal Property Law. (*Meyer* v. *Bank of Manhattan Trust Co.,* 232 App. Div. 228; *Faulkner* v. *Irving Trust Co.,* 231 App. Div. 87; *Furchgott* v. *Hottinger,* 264 App. Div. 389, motion for leave to appeal denied 265 App. Div. 803, motion for leave to appeal denied 289 N. Y. 852.)

The amendment changing the beneficiaries did not have the effect of directly or indirectly conferring any increased benefits

upon the grantors. It was the final amendment making the corpus of the respective trusts payable to the grantors' estates which did this. The infant defendants, having been eliminated as persons beneficially interested in the trusts, were not necessary or proper parties to the final amendment. (*Matter of Tucker*, 70 N. Y. S. 2d 626.) The final amendments in each of said continuing trusts served to create, if not confirm, a reversion in the grantors. (*St. George* v. *Fulton Trust Co. of N. Y.*, 273 App. Div. 516.) It is doubtful that a trust instrument reserving the right of the living grantors, as in the cases at bar, to change the beneficiaries of the respective trusts at whim or wish, may be held to have created a remainder in anyone. (*Bankers Trust Co.* v. *Topping*, 180 Misc. 596.)

The unreported opinion in *Manufacturers Trust Co.* v. *Wiasielewicz* (N. Y. L. J., Feb. 21, 1941, p. 809, col. 3) is limited in its application to the peculiar facts in that case. It has no general controlling effect. Furthermore, the incompetency of the grantor in that case would have defeated an attempted re-exercise of the power of appointment, subsequent to a judicial determination of the invalidity of the prior attempt. The court, in the cases at bar, will not interfere with the exercise by the grantors of a power reserved to do that which they might perform on any occasion and from day to day at their humor or caprice, namely to change the beneficiaries of the trusts.

Section 23 of the Personal Property Law is a perfectly legal end toward which parties may " scheme and plan ", as has been charged by the guardian herein. (*United States Trust Co. of N. Y.* v. *Wenzell*, 173 Misc. 998, affd. 258 App. Div. 1046, affd. 284 N. Y. 693; *City Bank Farmers Trust Co.* v. *Charity Organization Soc.*, 238 App. Div. 720, affd. 264 N. Y. 441.) The guardian does not make any charge of fraud against the living grantors. The provisions of section 23 of the Personal Property Law are implicit in all *inter vivos* trusts, directions in trust indentures to the contrary notwithstanding. That statute reflects the public policy which looks with disfavor upon restraints on alienation.

The motion of defendants Shevlin and Howe for judgment in each of the three actions is hereby granted in all respects and it is determined that the infant defendants, Paul Morton Smith, Jr., Sherley Smith and Richard Deering Howe, have no interest in the several trusts which are the subject matter of each of these three related actions, and said infants are hereby dismissed as parties defendant.

The allowance to the guardian ad litem shall be fixed upon settlement of the interlocutory judgments. The parties shall reserve in the interlocutory judgment the question of allowances to the plaintiff-trustees' attorneys and for the allowance to the attorney for the defendants Shevlin and Howe until the final judgment to be entered upon the completion of the trustees' accounting.

Settle on notice separate interlocutory judgments in each action in accordance with the foregoing decision and directing a reference upon the trustees' accounts and upon said reserved allowances, for hearing and determination.