OPINION OF THE COURT
Wachtler, J.
The question presented on this appeal is whether an inter vivos trust which provides that the trustee shall receive certain commissions on the receipt and disbursement of income amd principal as compensation for its services precludes the trustee from receiving annual principal commissions piermitted by a statute enacted after the execution of the trust agreement. The Appellate Division held that the trustee is entitled to receive the statutory commissions in addition to those provided for in the trust. We reverse.
The controversy was submitted to the Appellate Division as a court of first instance on an agreed statement of facts pursuant to CPLR 3222. In 1941 Alfred G. Vanderbilt established an irrevocable trust for the benefit of his then wife, Manuela Hudson Vanderbilt. Under the terms of the trust agreement, to which the defendant trustee (Irving *100 Trust Company) was a party, the trustee was directed to pay the net income and up to $100,000 from the trust corpus to Manuela during her lifetime. Upon heir death the accumulated and accrued net income was to be paid to the executors of her estate with the remainder of the trust corpus to be paid over to the plaintiff Wendy Vanderbilt (now Wendy Vanderbilt Lehman), daughter of the grantor and Manuela, provided she was then alive and had attained the age of majority.
The life tenant, Manuela, died on April 14, 1978 survived by plaintiff, who had by then attained majority and was therefore entitled to receive the corpus free of the trust. Manuela’s will was admitted to probate in Florida and letters testamentary were issued to plaintiff as personal representative of the estate. The trustee has prepared its final account of proceedings from Ju ne 30,1942 to September 12, 1978 in which it seeks annual principal commissions for that period in the sum of $22,871.05, computed at the statutory rates applicable to annual principal commissions.
When the trust agreement was executed in 1941, the laws of this State did not provide for the payment of annual principal commissions. At that time section 285 of the Surrogate’s Court Act (L 1934, ch 892) governed the payment of trustee commissions and provided only for commissions on receiving and paying principal as well as an annual income commission based on income received and paid. In 1943 the first New York statute providing for the payment of annual principal commissions was enacted (L 1943, ch 694), the substance of which is now contained in SCPA 2308 (subd 2).
The sole provision of the trust agreement relating to the payment of trustee commissions is article Ninth which provides: “As compensation for its services in the administration of the trust the Trustee shall be entitled to receive commissions on the principal received upon the creation of the trust at the rate of one percent (1%) on the par value of the securities then constituting the principal of the trust. Said commissions shall be paid by the Settlor on the creation of the trust. The Trustee shall be entitled to receive commissions on income at the time income is *101 received and paid out and upon principal at the time principal is paid out, at the rates allowed to a sole testamentary trustee under the laws of the State of New York at the date hereof.” A commission of $10,000 was paid to the trustee upon receipt of the principal. Since the inception of the trust the trustee has taken annual income commissions computed at the rates allowed to a sole testamentary trustee under the laws of the State of New York as of the creation of the trust in 1941.
In opposing the trustee’s request for annual principal commissions, plaintiff claims that the trustee is entitled to only those commissions enumerated in the trust agreement and that the subsequent enactment providing for the payment of annual principal commissions cannot expand the rights of a party who has contractually limited its right to commissions. Defendant argues that the trust agreement merely fixes the time and rates at which it may compute its commission on receiving and paying principal and income, but that it does not limit the type of commissions payable to only those types recited in the trust agreement.
The Appellate Division held that the trustee is not only entitled to the various commissions established in the trust agreement but also to the annual principal commissions permitted by statute as of 1943. Because we find article Ninth of the trust agreement to be controlling and exclusive on the issue of remuneration, we reverse.
Where the settlor of a trust provides a “specific compensation” for the trustee’s services, a trustee is not entitled to any additional allowance (CPLR 8005; SCPA 2308, subd 11). We hold that article Ninth of the trust agreement provides for a “specific compensation” for the defendant’s services within the meaning of these statutes. In the context of the brief yet precise three-sentence provision relating to compensation, the introductory phrase “As compensation for its services in the administration of the trust” can only be interpreted to mean that the parties intended article Ninth to constitute the exclusive authorization of the type and amount of commissions to which the trustee would be entitled as compensation.
*102 In construing the provisions of article Ninth as nonexclusive on the issue of compensation, the Appellate Division read the introductory phrase as modifying only the sentence in which it is contained, which refers only to a commission on the receipt of principal. We believe this interpretation to be incorrect, for it could lead to the conclusion that the only compensation the trustee was entitled to receive “for its services in the administration of the trust” was the commission on the receipt of principal. The remainder of the article would thereby be rendered meaningless surplusage, a result obviously not intended.
The introductory phrase must therefore have been intended to modify the entire three-sentence article. The types and amount of commissions enumerated there were thus meant to constitute the exclusive compensation for the trustee’s services in the administration of the trust. We conclude that these various commissions constitute a “specific compensation” for the trustee’s services sufficient to preclude its receipt of any additional allowance for those services (CPLR 8005; SCPA 2308, subd 11).
Although the compensation provision of the trust agreement in this case does not expressly preclude payment of the annual principal commissions subsequently authorized by statute, a factor deemed determinative by the Appellate Division, this court’s decision in Matter of Schinasi (3 NY2d 22) makes it clear that an express preclusion is unnecessary in order to render the trust provision exclusive. There the respondent agreed by letter to act as executor and trustee under the testator’s will and was to receive in return (p 28) “for [it’s] services *** as Trustee *** 1 xh% per annum on the distribution of income.” At the time, former section 285 of the Surrogate’s Court Act provided that “[w]here a trustee or executor is, by the terms of the instrument, required to collect the rents and manage real property, he shall be allowed and may retain, five percentum of the rents collected therefrom, in addition to the commissions herein provided”. The trustee claimed the 5% commission for collecting rents on real property which became part of the trust established by the testator’s will.
*103 This court held that the trustee was entitled only to a l1/2% commission on the rents collected. Since rents on realty in the trust were income of the trust and since collection of those rents were “services” performed “as trustee” pursuant to the letter of agreement, we found that the trustee’s express agreement to accept a lVfe% commission “on the distribution of income” implicitly included an agreement to accept no more than that commission on the collection of any income, including rents. We then concluded that the letter of agreement controlled to the exclusion of the specific 5% statutory provision regarding the collection of rents. No express statement precluding the trustee from receiving the 5% commission was required.
That the Legislature thought it appropriate in 1943 to provide trustees with a statutory right to annual principal commissions in no way justifies the abrogation of portions of trust agreements, executed prior to that time, in which the parties have agreed to a specific compensation scheme. The purpose of the legislation is to assure that fiduciaries are fairly compensated for their services. Certainly this admirable purpose is fulfilled when the parties to a trust agreement have already established the trustee’s remuneration.
Accordingly, the order of the Appellate Division should be reversed, with costs, and judgment granted in favor of appellant.
Chief Judge Cooke and Judges Jasen, Gabrielli, Fuchsberg and Meyer concur; Judge Jones taking no part.
Order reversed, etc.