[613 NYS2d 748]

In the Matter of the Estate of ANDREW W. SMITH, Deceased. IRIS S. CHRIST et al., Respondents; BANK OF NEW YORK, as Trustee of the Trusts Created by ANDREW W. SMITH, Deceased, Appellant.

Third Department, June 23, 1994

## APPEARANCES OF COUNSEL

*Emmet, Marvin & Marvin,* New York City *(Lawrence B. Thompson* and *Joseph M. Samulski* of counsel), for appellant.

*Teitler & Teitler,* New York City *(Michael F. Teitler* and *Elise A. Bloustein* of counsel), for respondents.

## OPINION OF THE COURT

CASEY, J.

The dispute involved on this appeal concerns the amount of the commissions due respondent, as the designated trustee of the trusts created by the last will and testament of decedent, Andrew W. Smith. The will was executed in 1919 and provided, *inter alia,* that the net residuary estate be divided into four shares and placed in four separate trusts for the benefit of certain named relatives. Respondent was designated a trustee of the trusts. The trusts have generally been terminated and their proceeds distributed. The last surviving trust beneficiary named in decedent's will, a nephew named Earl E. T. Smith, died in 1991, leaving petitioners to share in the remainder of the trusts created for his benefit. Petitioners commenced the instant proceeding in Surrogate's Court for construction of the will and sought a determination that commissions on principal due to respondent, as trustee, be limited to the amount provided for in SCPA 2308 (1) (b). Respondent requested a determination that its commissions be computed in accordance with SCPA 2312. Following a hearing, Surrogate's Court construed the relevant provisions of the will in favor of petitioners. Respondent appeals.

When the will was executed, it provided in article SEVENTEENTH that respondent would be paid commissions on the capital and income of each trust *"at the rates now allowed by law to trustees"* (emphasis supplied). After a change in the law regarding commissions paid to executors and trustees (L 1923, ch 649), decedent executed a codicil in 1923 by which he specifically revoked article SEVENTEENTH of the will and added

instead a paragraph which provided that respondent would be paid annual commissions upon the income of each trust "at the rates * * * in force at the time such income is received", as well as commissions upon principal at the termination of each trust based upon the "rates * * * in force at that time". Another codicil executed in 1926 did not alter or modify the terms of the previous one in respect to the trustees' commissions.

The determinative issue here is whether the provisions of the will and the 1923 codicil should be construed as limiting the commissions on principal due to respondent which would otherwise be permitted by statute. Petitioners contend that decedent's clear intent, gleaned from the will and the codicil, is to limit the commissions on principal to one commission payable at the termination of the trusts at the rates then allowed by law. If petitioners' contention is adopted, the appropriate rate under SCPA 2308 (1) (b) is 1% on $13,750,000, for a total amount of $137,500. Respondent, relying on SCPA 2312, claims that in addition to the 1% commission for the payment of principal due upon the trusts' termination, it is entitled to annual commissions on principal from 1943 to 1991, as well as a commission for receiving principal, which commissions total $762,500.

In construing the provisions of decedent's will, the paramount consideration is the ascertainment of decedent's intent *(see, Matter of Carmer,* 71 NY2d 781, 785). In article SEVENTEENTH of the will, decedent addressed the issue of trustees' commissions and directed payment thereof "at the rates now allowed by law to trustees". The law in effect at that time provided for one commission for receiving income, one commission for receiving principal, and one commission for paying principal (L 1916, ch 596). In paragraph FIFTH of the codicil executed by decedent, explicit reference to a change in the law is mentioned and, in regard to trustees' commissions, paragraph FIFTH relevantly provides that the trustee of each of the trusts: "shall be entitled to receive and shall be paid annually a commission upon the income of each of said trust estates at the rates allowed to testamentary trustees upon income by the laws of the State of New York in force at the time such income is received, and shall be entitled to receive and shall be paid at the termination of each such trust a commission upon the capital thereof at the rates allowed to testamentary trustees upon capital by the laws of the State of New York in force at that time; and that said Trustee shall accept such

commissions upon income and capital respectively in full compensation for its services as such Trustee."

One of the obvious purposes of this codicil was to reduce the commissions payable to the trustee below that which the trustee would otherwise have been entitled under the increased rates enacted by chapter 649 of the Laws of 1923. The codicil specifically mentions only two types of commissions, an annual commission upon the income of the trusts and a final commission upon the principal of the trusts at termination. The intent to override the terms of the statute and to pay lower commissions is manifest. Having provided in the codicil what the amount and type of commission should be, decedent must have intended the codicil to be the exclusive authorization for payment of the trustees' commissions. This result is consistent with the holding in *Matter of Lehman v Irving Trust Co.* (55 NY2d 97), which is factually analogous to the situation here. The Court of Appeals observed in *Lehman* that the trust did not need to expressly preclude payment of the statutorily authorized commission in order to render the compensation under the trust agreement exclusive *(see, supra,* at 102). Furthermore, respondent's position is not supported by the clear language of the codicil. The codicil does not state that the *commission on principal* shall be computed based upon the *law* in effect at the time of the trusts' termination. Rather, it states that such commission shall be paid in accordance with the *rates* in effect at the time of the trusts' termination.

Contrary to respondent's position, we find the acts of petitioners' father, Earl E. T. Smith, who approved annual principal commissions to respondent from 1943 to 1954, to be irrelevant to the issue involved. Earl E. T. Smith was not the decedent and his actions subsequent to the creation of the trusts are immaterial. It is our view that the language of the codicil intended only one commission on principal to be paid to respondent upon the termination of the trusts. The codicil takes precedence over the provisions of the SCPA which authorize more generous compensation. Accordingly, the order of Surrogate's Court should be affirmed.

CARDONA, P. J., CREW III, WEISS and YESAWICH JR., JJ., concur.

Ordered that the order is affirmed, with costs.