*631 OPINION OF THE COURT
C. Raymond Radigan, J.
In these two estates of husband and wife, Irving and Ruth Jakobson, there are three accounting proceedings pending, one in the estate of Ruth Jakobson, who predeceased her husband and whose will pours the residuary into an inter vivos trust for which there is also an accounting and the third accounting relates to the inter vivos trust created by the husband, Irving Jakobson. Objections to all three accounts of the corporate fiduciary have been filed by the son and only distributee, Peter D. Jakobson.
The present motion seeks to reargue the court’s prior decision (NYLJ, Dec. 19, 1995, at 31, col 1) with regard to two issues: (1) Whether the two inter vivos trust agreements improperly incorporated the corporate trustee’s schedule of fees, and (2) whether executor’s commissions are payable to the bank on a life insurance policy owned by Ruth on the life of her husband who survived her.
It is clear on review by this court that the doctrine of incorporation by reference applies to wills (Booth v Baptist Church of Christ, 126 NY 215) and not inter vivos trusts which are contractual agreements as opposed to testamentary instruments. While the cases have discussed the question of whether an inter vivos trust subject to modification is in fact testamentary in nature, it is now well settled that it does not become a testamentary device merely because it is subject to modification under such circumstances (Matter of Sackler, 145 Misc 2d 950) nor need it be attested to as a will (EPTL 3-3.7 [b]). The contention is also possible that since the trusts are expressly irrevocable, the direction for modifiable or open-ended commissions requires an application under EPTL 7-1.9 and the consent of all beneficiaries. However, the law appears to be clear that even where an inter vivos trust is expressly irrevocable, a reservation of the right to modify in some particular aspect is possible without triggering the necessity of the beneficiaries’ consents (Guaranty Trust Co. v Howe, 193 Misc 640, and cases cited).
While the New York courts follow testator’s directions concerning fiduciary compensation, most of the cases have dealt with those involving agreements to take less than the statutory compensation rather than more (e.g., Matter of Lehman v Irving Trust Co., 55 NY2d 97; Matter of Schinasi, 3 NY2d 22). SCPA 2312, enacted in 1984 (L 1984, ch 936) while *632 permitting a corporate fiduciary reasonable compensation in excess of statutory commissions, is in fact subject to review by the court as to reasonableness (Matter of McDonald, 138 Misc 2d 577, reconsideration denied 140 Misc 2d 49; see also, SCPA 2114; EPTL 11-2.2 [a] [1]). The amendment to SCPA 2307 in 1994 (L 1994, ch 474) authorizing an incorporation of a corporate executor’s fee schedule in the will and permitting a corporate executor to unilaterally fix its own compensation if stipulated in the instrument represented a departure from court review as to reasonableness. Under the circumstances, the court was hesitant to extend the statutory permission given the corporate executor under wills to corporate trustees under inter vivos trust agreements without some clear legislative directive. Nevertheless, upon a review, there being no basis on which to deny recognition of the agreement regarding commissions, the motion to reargue on this issue is granted and upon reargument the prior decision is modified, to the extent of dismissing objections 1 through 11 which essentially oppose the manner of computation and the manner of computation of commissions in the account is approved including the one and one-half principal commissions as a settlement fee, in addition to the principal paying commissions of 1%.
The motion to reargue with regard to the second issue concerning the commissionability of the insurance policy owned by the predeceased wife, Ruth, is denied. As previously held by the court, the statutory framework requires executors’ commissions to be computed on the amounts received and paid out (SCPA 2307).
The executor argues that it held title to the policy upon the death of the wife, had physical possession of the policy and assisted the son as the alternate named beneficiary in collecting the proceeds. In some situations a distribution in kind such as securities is commissionable although the securities have not been converted into cash (Phoenix v Livingston, 101 NY 451; Martin v Andrews, 59 Misc 298; Annotation, Fiduciary’s Compensation on Estate Assets Distributed in Kind, 32 ALR2d 778). The situation here, however, is distinguishable. The executor bases its claim to commissions on the full face value of the policy which under no circumstances could it have received and which was payable exclusively to the son as the named alternate beneficiary. There being no argument or claim in the alternative that the executor is entitled to commissions on the cash surrender value of the policy, the court has not considered it.